**In re Roland L. ROUSSELLE and Patricia A. Rousselle, Debtors.**

**Franklin Life Insurance Co., Plaintiff,**

**v.**

**Roland Rousselle, Defendant.**

**Bankruptcy No. 00–6581–3F7.**
**Adversary No. 00–374.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 21, 2001.

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Emergency Motion for Temporary Restraining Order or Alternatively for Preliminary Injunction ("Emergency Motion"), accompanying memorandum of law, and separate affidavits and exhibits filed by Franklin Life Insurance Co. ("Plaintiff") on January 16, 2001. (Doc. 5.) Roland Rousselle ("Defendant") untimely filed a memorandum of law in opposition in open court at the hearing on the Emergency Motion held February 8, 2001. (Doc. 17.) The Court entertained argument at the February 8 hearing and elected to take the Proceeding under advisement. Upon review of the affidavits filed and review of the arguments and submissions of counsel, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's request for injunctive relief.

The Emergency Motion stems from the acrimonious dissolution of Defendant's twenty-three year relationship as a Jacksonville-based dealer of Plaintiff's insurance policies.

According to Defendant, Miami-based agents of Plaintiff reacted to Defendant's incursion into their South Florida client lists by agitating Plaintiff's central office to interfere with Defendant's customers and to generally drive Defendant out of business.

Plaintiff disputes this characterization of events.

In April 1992, Defendant initiated a civil suit against Plaintiff in Florida state court. According to Defendant's website (Pl.Ex. A), the suit went to trial and a jury awarded Defendant and a fellow Jacksonville agent over one million dollars in damages. Subsequently, a Florida District Court of Appeal reversed the award and granted judgment and attorney's fees to Plaintiff. In early 2000, the Florida Supreme Court declined to entertain Defendant's appeal.

On August 25, 2000, Defendant and his wife, Patricia A. Rousselle, filed a voluntary petition for Chapter 7 bankruptcy protection.

On September 10, 2000, Defendant's website, *www.scapegoat.ws,* went online. The website (admitted into evidence as Plaintiff's Ex. A) chronicles the dispute from the Defendant's point of view. The website purports to document the alleged wrongs committed by Plaintiff in strong and abrasive terms. Defendant's claims on the website are accompanied by extensive documentation, including internal memos between Plaintiff's employees, deposition transcripts, and documents from the state court suit.[1]

Defendant also allegedly sent emails to Plaintiff's agents directing them to the website and encouraging them to join Triangle of Life, his personal life insurance business.

Plaintiff alleges that, in September, 2000, Defendant drove up to one of Plaintiff's Jacksonville offices in a car studded with placards trumpeting the website and echoing the website's accusations and physically attempted to interfere with the hiring of a new agent.

On November 28, 2000, Plaintiff filed a Complaint Objecting to Discharge and Seeking Injunctive Relief. (Doc. 1.) Plaintiff alleges that Defendant should be denied discharge for failure to schedule as an asset the claim Defendant asserts against Plaintiff on the website, which claim Plaintiff alleges is entirely without merit.

Plaintiff also asserts that Defendant should be denied discharge for failing to schedule the website itself as an asset. Plaintiff further asserts that operation of the website and dispatch of emails to Plaintiff's agents constitute defamation and tortious interference with business relationships under Florida law, and therefore that Defendant should be enjoined from operating the website and contacting Plaintiff's agents.

On January 19, 2001, Defendant responded with a Motion to Dismiss for failure to state a cause of action for objection to discharge, defamation and tortious interference. Defendant argues in the memorandum of law submitted at the February 8, 2001 hearing that Plaintiff failed to present sufficient allegations and evidence to satisfy the standard for imposition of a temporary injunction as a matter of law.

Neither party recognized or addressed the jurisdictional problems arising from the fact that the allegedly tortious conduct by Defendant occurred no earlier than the first posting of the website about two weeks after Defendant and his wife filed their Chapter 7 petition.

■ A bankruptcy court may *sua sponte* question its own jurisdiction. *See Johansen v. Combustian Eng'g, Inc.,* 170 F.3d 1320, 1328 n. 4 (11th Cir.1999).

■ If a district court lacks subject matter jurisdiction over a particular proceeding, then a bankruptcy court necessarily lacks jurisdiction as well. *See Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 789 (11th Cir.1990). Congress delineated the boundaries of the bankruptcy jurisdiction of the district courts in 28 U.S.C. § 1334. Section 1334 provides, in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

---

1. Defendant also posted a copy of Plaintiff's Complaint in this Proceeding.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334 (2001).

■■■ Therefore, in order for a district court, and thus a bankruptcy court, to have subject matter jurisdiction over a particular proceeding, the proceeding must arise under, arise in, or be related to a bankruptcy case. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). In determining the presence or absence of jurisdiction, a bankruptcy court need not concern itself with whether or not a proceeding is one arising under, arising in, or related to a bankruptcy case specifically, because these terms are not definitive but rather expressions of a general, broad category of proceedings over which the federal courts may exercise bankruptcy jurisdiction. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987). If a proceeding is at least related to a case, then a district court, and thus a bankruptcy court, may properly exercise jurisdiction. *See Id.*

■■■ A bankruptcy court may exercise "related to" jurisdiction over a proceeding if the outcome of the proceeding could conceivably have an effect on an estate being administered in bankruptcy. *See Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). "Related to" bankruptcy jurisdiction is narrower in Chapter 7 cases than in reorganization cases. *See Celotex*, 514 U.S. at 310, 115 S.Ct. 1493.

■■■ A bankruptcy court may not exercise "related to" jurisdiction over a claim brought by a Chapter 7 debtor stemming from postpetition tortious interference absent a showing that the outcome of the claim might conceivably affect the Chapter 7 estate. *See Community Bank of Home-*stead v. Boone (In re Boone)*, 52 F.3d 958, 960 (11th Cir.1995). A bankruptcy court may not exercise jurisdiction over such an unrelated claim merely because there are common issues of fact between the unrelated claim and a core proceeding such as a discharge objection. *See id.* at 961. "To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor." *Id.* (quoting *Wood*, 825 F.2d at 94).

■■■ The Court finds *Boone* controlling in this situation and concludes that it lacks subject matter jurisdiction over the portions of this Proceeding involving tortious interference and defamation because Plaintiff failed to bring forward any evidence tending to show that those claims will have any conceivable effect on Defendant's bankruptcy estate. The Court finds that the imposition of an injunction or the determination of damages liability by the Court cannot conceivably have an effect on Defendant's estate because the conduct that Plaintiff desires enjoined, specifically the continued operation of the website and future contact with Plaintiff's agents, must necessarily occur postpetition, after Defendant has ceded control of the estate to the Trustee. Additionally, the conduct that allegedly gives rise to damages for defamation and tortious interference, namely the initial posting of the website and past contact with Plaintiff's agents, occurred postpetition, and therefore cannot give rise to a valid claim against the estate.

Asking the Court to enjoin future behavior and to award damages in the instant case is no different than asking the Court to enjoin a Chapter 7 debtor from driving negligently in the future or asking the Court to award damages stemming from a car accident a debtor caused postpetition. In both cases, there is no possibility that the bankruptcy estate might be affected, because the unfettered administration of the estate by a Chapter 7 trustee is not affected and because no valid claim against the Chapter 7 estate could possibly be grounded on the postpetition behavior.

Additionally, pursuant to *Boone,* the Plaintiff's election to join the tort claims with a core proceeding—the objection to discharge—does not enlarge the jurisdictional grant of § 1334(b) to allow the Court to hear the tort claims.

Plaintiff also failed to allege any alternative grounds for the exercise of Federal jurisdiction, such as diversity of citizenship.

Therefore, the Court finds that it lacks jurisdiction to entertain the merits of Plaintiff's Emergency Motion, and denies the Emergency Motion on jurisdictional grounds.

This finding is without prejudice to Plaintiff's right to pursue an injunction or damages against Defendant in a different forum possessed of proper jurisdiction. Because the Court lacks jurisdiction to enjoin or award damages for Defendant's postpetition conduct unrelated to the estate, the automatic stay imposed by 11 U.S.C. § 362 does not enjoin pursuit of remedies for Defendant's postpetition conduct unrelated to the estate in another court.

Additionally, the Court finds that it does have jurisdiction over Plaintiff's objection to Defendant's discharge as a "core" matter under 28 U.S.C. § 157(b)(2)(J). Therefore, that portion of this Proceeding will continue in this Court.

Accordingly, it is

**ORDERED:**

Plaintiff's request for preliminary injunction is **denied** without prejudice to Plaintiff's right to seek injunctive relief in a court vested with proper jurisdiction.